IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GRETA M. NICKLAS *Individually and as Executrix of the Estate of WILLIAM E. NICKLAS*,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

13cv1122
**ELECTRONICALLY FILED**

## Memorandum Opinion

### I. Introduction

Plaintiff alleges that government negligence caused the death of her 87-year-old husband, William E. Nicklas (Decedent), who died while under the care of the Veterans Affairs Pittsburgh Health System on University Drive ("the VA"), on November 23, 2012. Because the VA is owned by the government, Plaintiff has brought a cause of action against the United States of America, alleging the VA negligently allowed Decedent to be exposed to *Legionella* bacteria through the hospital's water supply, and failed to appropriately treat the resulting *Legionella* pneumonia infection ("Legionnaires' disease").

In Plaintiff's complaint, she alleges five (5) separate counts: Survival Action (Count I); Wrongful Death (Count II); Infliction of Emotional Distress (Count III); Loss of Consortium (Count IV); and, Civil Rights Violations (Count V). Pending before this Court is Defendant's motion to dismiss Count III for lack of subject matter jurisdiction under Fed. R. Civ. Pr. 12(b)(1) (doc. no. 21), Plaintiff's response in opposition (doc. no. 22), and Defendant's reply thereto (doc. no. 24).

**II. Standard of Review- Rule 12(b)(1)**

A Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges this Court's "very power to hear the case." *See Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). As the party asserting jurisdiction, Plaintiff "bears the burden of showing that its claims are properly before the district court." *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995). In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1), this Court must distinguish between facial attacks and factual attacks. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

When a Defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a factual attack, this Court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). A facial attack challenges the sufficiency of the pleadings, and the Court must accept the Plaintiff's allegations as true. *Id.*

Where, as here, a Defendant who attacks a complaint on its face "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F. Supp. 2d 448, 451 (W.D. Pa. 2001). Dismissal is proper under Rule 12(b)(1) when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Kehr Packages,*

*Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

### III. Discussion

Defendant seeks dismissal of Count III of the Complaint primarily on the basis that this Court lacks subject matter jurisdiction because Count III is based on misrepresentation and the Federal Tort Claims Act (FTCA) precludes recovery for "[a]ny claim arising out of . . . misrepresentation."

#### A. The United States Is Immune From Suit Absent A Waiver

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The United States consent to suit cannot be implied, rather it must be unequovically expressed and strictly construed. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 34-35 (1992). Claims based upon "negligent or wrongful act or omission of any employee of the Government while acting within the scope of office or employment . . . ," are within the FTCA's waiver of sovereign immunity. 28 U.S.C. § 1346(b)(1).

#### B. The "Misrepresentation" Exception to the FTCA

As the United States Supreme Court has stated, "Congress was careful to except . . . several important classes of tort claims," from the FTCA's waiver of sovereign immunity. *United States v. Varig Airlines*, 467 U.S. 797, 808 (1984). At 28 U.S.C. § 2680(h), the FTCA expressly states that it does NOT waive sovereign immunity for "[a]ny claim arising out of . . . misrepresentation [or] deceit." What has become known as the "misrepresentation exception,"

therefore, bars recovery for claims for intentional or negligent concealment, misrepresentation, or omission of material fact. *United States v. Neustadt*, 366 U.S. 696, 705-06, 708-09 (1961)[1]; *Block v. Neal*, 460 U.S. 289, 298 (1983); *Reynolds v. United States*, 643 F.2d 707, 712 (10th Cir. 1981) ("The 'misrepresentation' exception of 28 U.S.C. § 2680(h) has been broadly construed to include false representations of any type.").

Count III alleges both intentional and negligent infliction of emotional distress. Accepting the factual allegations as true for purposes of this motion, Plaintiff received a telephone call from Dr. Muder, Chief of Infectious Disease at the VA, on December 7, 2012, approximately two weeks after the death of her husband (Decedent died on November 23, 2012). During this phone call, Dr. Muder, who never treated Decedent and was not involved in his care, suggested that Decedent did not contract Legionnaires' disease at the VA. He told Plaintiff "not to believe everything that she reads and hears." Doc. No. 1 at ¶ 130. When Plaintiff asked Dr. Muder why he was calling, he allegedly replied, "the VA has their story to tell, and it will come out eventually." Id. at ¶ 132. Plaintiff claims that she was "dumbfounded, confused and understandably upset as to the reason and purpose of Dr. Muder's telephone call because it provided no insight into her husband's care or cause of his death, and impliedly referred to her pursuing her rights in filing a claim or civil action." Id. at ¶ 153. Plaintiff avers that as a result of Dr. Muder's phone call, during which he also offered his condolence, she suffered emotional disturbance and confusion during the time immediately after her husband's death. Id. at ¶¶ 130 and 154. On these factual allegations, she brings a claim for intentional and/or negligent

---

[1] In *Neustadt*, plaintiff alleged government employees negligently inspected and appraised the home she purchase, and upon reliance thereon, she paid an excessive price. The United States Supreme Court held that her claims were barred under the misrepresentation exception. Whereas, in *Block*, plaintiff sought a government loan to build a home and the government had the right to inspect and test materials. After construction, plaintiff sued for the government's failure to inspect and supervise construction. The United States Supreme Court, distinguishing *Neustadt*, concluded that plaintiff did not rest her claim "on the Goverrnment's failure to use due care in communicating information, but rather on the Government's breach of a different duty." The Supreme Court found that the misstatements by the government employees were not "essential" to plaintiff's claim.

4

infliction of emotional distress.  In support of her negligent infliction of emotional distress claim, Plaintiff avers that Defendant breached its duty "to ensure that the truth was being told and that after the recognition that Mr. Nicklas died of Legionnaire's Disease that the family be made aware of the facts and correctly apprised of Mr. Nicklas' medical condition."  Id. at ¶ 161.

On the basis that this claim arises out of misrepresentations made by Dr. Muder ("to insure that the truth was being told"), as an agent of the VA, Defendant seeks that Count III be dismissed because claims that "arise out of misrepresentations," and are not contained with the list of exceptions to the waiver of sovereign immunity under the FTCA.   Plaintiff counters that the she is not bringing suit for Dr. Muder's misstatements, but rather, the fact that a call was made, a call with no purpose other than to cause emotional distress.   Doc. No. 23 at p. 6

In order to determine whether a claim is barred by the exception, the Court must examine the nature of the conduct upon which the tort claim is based.  *See McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993).  The label of "misrepresentation," accordingly, is irrelevant and instead the question is whether the government's misstatement is "essential" to the claim.  *See Schneider v. United States*, 936 F.2d 956, 961 (7th Cir. 1992).  Where the gravamen of a claim is the government's failure to use due care in obtaining and communicating information, this Court lacks jurisdiction.  *See Neustadt*, 366 U.S. at 706, 710-11.

The Court finds that accepting Plaintiff's allegations as true, Plaintiff had to rely on the statements or misstatements of Dr. Muder, because she avers that she was "confused" by them.  Although Plaintiff contends that the claim "does not presuppose that [Dr. Muder] was lying or misrepresenting a fact," as the government argues, and this Court agrees, "there is no other logical inference from the allegation that the United States violated a duty to 'ensure that the truth was being told.'  Doc. No. 24 at p. 2 (citing Doc. No. 23 at p. 7) and Doc. No. 1 at ¶ 161.

5

According to the allegations of the Complaint, Dr. Muder made a misstatement when he stated that Decedent "did not get Legionella from the VA," doc. no. 1 at ¶ 130, and Dr. Muder omitted certain information when he said "not to believe everything she reads" that the VA's story "will eventually come out," and that she, therefore, was not "made aware of the facts." Doc. no. 1 at ¶ 161.

Plaintiff's argument that reliance (an essential element of a misrepresentation claim) is missing here, does not comport with her own allegations that she was "confused" by Dr. Muder statements and misstatements about the source of her husband's disease. As the government emphasizes, and this Court is constrained to agree, "[s]uch statements could have caused confusion and uncertainty only if Plaintiff had placed some stock in them." Doc. No. 24 at p. 2.

As rehearsed, Plaintiff seeks to distance herself from the truth or falsity of the statements by contending that she is not bringing suit for Dr. Muder's misstatements, but rather, the "fact that a call was made, a call with no purpose other than to cause emotional distress." Doc. No. 23 at p. 6. However, had Dr. Muder called and NOT made misstatements and/or omissions which are alleged in the Complaint, but instead simply offered his condolence, no claim for emotional distress could be made. Rather, the claim is founded upon misstatements (whatever the purpose or motivation) and the effect on plaintiff (her "reliance" thereon) is essential to the claim, and therefore, "arise out of a misrepresentation" because the claim for emotional distress is based thereon. Plaintiff's claim for infliction of emotional distress[2] is based solely upon

---

[2] The government contends alternatively that Count III fails to state a claim for infliction of emotional distress under Pennsylvania law because Plaintiff has failed to allege outrageous conduct (which is required for intentional infliction of emotional distress claims), and because the facts do not fall with the recognized categories of that tort (which is required for negligent infliction of emotional distress claims). The Court is inclined to agree with the government's contentions in this regard, but will not reach the issue because the Court does not have subject matter jurisdiction over Count III.

misstatements (misrepresentations) in the phone call from Dr. Muder upon which Plaintiff must have relied, and must be eliminated because the government is immune from suit.[3]

## IV. Conclusion

Because Count III has factual underpinnings that are indisputably based upon alleged misrepresentations and omissions by a government agent, this Court finds that a claim on which it is based is barred because the FTCA has not waived sovereign immunity in this regard. Instead, the FTCA expressly states that it does NOT waive sovereign immunity for "[a]ny claim arising out of . . . misrepresentation [or] deceit." 28 U.S.C. § 2680(h). Although Plaintiff would have it another way, the claim for emotional distress "arises out of . . . misrepresentations" made by Dr. Muder, a government agent, and thefore, the misrepresentations are essential to the claim. Accordingly, this Court will GRANT Defendant's Motion to Dismiss under Fed. R. Civ. Pr. 12(b)(1) because this Court lacks subject matter jurisdiction over Count III. An appropriate order follows.

s/Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties

---

[3] Whether, however, the call from Dr. Muder is admissible at the time of trial, as evidence of negligence or for some legitimate purpose is still an open question, which the Court does not resolve at this time.